FILED ___ LODGED
RECEIVED ___ COPY

NOV 17 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| US MORTGAGE, INC., a Nevada corporation, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>James C. SAXTON, et al.,<br><br>Defendants. | No. CV-03-1615-PHX-SMM<br><br>**ORDER & MEMORANDUM OF DECISION** |

Pending before the Court is a Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendants James C. Saxton, Jane Doe Saxton, Douglas Hensley, Jane Doe Hensley, Marc S. Hechter, Jane Doe Hechter, Michele Saxton-Pori, Kirk Scherer, Jane Doe Scherer, Jane Doe Adams, Timothy J. Adams, Melody J. Sullivan, John Doe Sullivan, and Jeffrey A. Pori. [Doc. No. 73] Defendant Deloitte & Touche filed a Joinder in this Motion to Dismiss. [Doc. No. 82] A Response was filed by all Plaintiffs except Economic Studies, Inc., Sandie & George Bromell Charitable Remainder Unitrust DTD 5/28/98, Gerald & Lucette Dowling Trust DTD 7/6/99, James M. Heltzel DMD Limited PSP and Trust, Karl S. Ganz, Lynn Morton Richardson & Ruth Mae Richardson Family Trust, Richard L. Dame and Alecia Dame, and Winstrom Properties. [Doc. No. 88] A Reply brief was filed on September 17, 2004. [Doc. No. 90] After reviewing the parties' briefs and hearing oral arguments, the Court issues the following rulings.



## BACKGROUND

Plaintiffs[1] filed a Complaint in the Maricopa County Superior Court on March 27, 2003, and a First Amended Complaint on July 27, 2003, essentially alleging violations of Arizona common law. Defendants removed the action to this Court on August 20, 2003. [Doc. No. 1] Plaintiffs' Motion to Remand followed. [Doc. No. 27]

On May 7, 2004, the Court denied Plaintiffs' Motion to Remand. [Doc. No. 58] The Court found that the allegations of Plaintiffs' First Amended Complaint, originally filed in Maricopa County Superior Court, were preempted under a provision of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f)(1), which prohibits private investors from filing a class action, in state court or under state law, alleging fraud in connection with the purchase or sale of a "nationally traded security." Thus the action was properly removed to this Court pursuant to § 78bb(f)(2). The Court became the exclusive venue for this private securities action arising under state law and, in its discretion, allowed Plaintiffs to revise their First Amended Complaint in order to satisfy the requirements of the SLUSA and the Private Securities Litigation Reform Act of 1995.

Plaintiffs filed a Second Amended Complaint on June 14, 2004, in accordance with the Order of this Court. [Doc. No. 68] In response, Defendants moved to dismiss this complaint on August 6, 2004. [Doc. No. 73] Defendant Deloitte & Touche joined both Defendants' Motion to Dismiss and Reply. [Doc. No. 82 & 91]

## STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When

---

[1] For the sake of brevity, the Court uses the terms "Defendants" and "Plaintiffs" throughout this memorandum to refer to that group of Defendants who filed and joined in the Motion to Dismiss and that group of Plaintiffs who responded thereto, respectively, while acknowledging that these terms are over-inclusive.

deciding a Motion to Dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir.1991). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

## DISCUSSION

As noted above, on May 7, 2004, the Court denied Plaintiffs' motion to remand after finding that:

> Plaintiffs' action is 1) a covered class action; 2) based on Arizona Statutory or Common Law; 3) alleging a misrepresentation or omission of a material fact; 4) in connection with the purchase or sale of a covered security. Accordingly, Plaintiffs' claims are preempted pursuant to SLUSA, 15 U.S.C. 78bb(f)(1) and removal was proper under 78bb(f)(2). [Doc. No. 58]

The Court, however, did not dismiss the First Amended Complaint, but rather allowed Plaintiffs to revise it in order to satisfy the requirements of the SLUSA and the PSLRA. On June 14, 2004, Plaintiffs filed a Second Amended Complaint. The Court has subject matter jurisdiction over the First Amended Complaint and this action because, as stated in the May 7, 2004 Order, Plaintiffs' claims were preempted under SLUSA.

Defendants now move to dismiss with prejudice this most recent complaint, arguing that Plaintiffs cannot amend their pleading to divest the Court of subject matter jurisdiction by alleging only state law claims not subject to the SLUSA. Defendants also claim that Plaintiffs' Second Amended Complaint is still subject to the SLUSA and that it fails to

- 3 -

comply with the conditions imposed by the Court in granting leave to amend, despite the revisions made by Plaintiffs.

As an initial matter, the Court must decide whether the Second Amended Complaint should be dismissed, as argued by Defendants, for improper amendment to divest the Court of jurisdiction. Defendants claim that it is well established in the U.S. Circuit Court of Appeals for the Ninth Circuit that a plaintiff cannot amend its complaint following proper removal in order to strip the federal court of subject matter jurisdiction. "Jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. NASD, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) (citing Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991)). "Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." Id. Defendants allege that the Second Amended Complaint is merely an attempt to re-plead causes of action that are purportedly only state-law claims, and thus not preempted by the SLUSA, so that this Court would have no choice but to remand the action to state court for lack of subject matter jurisdiction under the SLUSA.

The Court notes, however, that the case upon which Defendants rely so heavily for the proposition that remand may not be compelled by amendment of a complaint, Sparta Surgical, has been distinguished by a number of courts, including the Ninth Circuit. See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of the State of Montana, 213 F.3d 1108, 1116 (9th Cir. 2000); Lippitt v. Raymond James Fin. Svcs., Inc., 340 F.3d 1033, 1044-45 (9th Cir. 2003); Schuster v. Gardner, 319 F. Supp. 2d 1159, 1163-65 (S.D. Cal. 2003). While it is well-established that subject matter jurisdiction is generally determined by looking at the facts pled in the complaint that is in effect at the time the notice of removal is filed, Sparta Surgical, 159 F.3d at 1211, strict adherence to that general principle would work an injustice. Schuster, 319 F. Supp. 2d at 1163 (citations omitted).

In a case that is almost directly on point with the instant action, the U.S. District Court for the Southern District of California allowed a plaintiff to amend a complaint in order to have the action remanded to state court, following removal to district court pursuant to the SLUSA. Schuster, 319 F. Supp. 2d at 1161; see also Green v. Ameritrade, Inc., 279 F.3d 590, 594 (8th Cir. 2002) (same). That court reasoned that the plaintiff was entitled to revise the complaint to eliminate SLUSA preemption, given that doubt as to the right of removal must be construed in favor of remand, Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), that a plaintiff may avoid federal jurisdiction as "master of the complaint," Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987), and that the plaintiff has the right to amend a complaint prior to the time when defendants' file a responsive pleading. Fed.R.Civ.P. 15. The Schuster court found that any federal claim present in the original complaint was inadvertently pled and no evidence showed that Plaintiff's amended complaint was an attempt either to circumvent the SLUSA or at forum manipulation. Schuster, 319 F. Supp. 2d at 1164.

This Court declines to find that dismissal of the Second Amended Complaint is warranted under the Sparta Surgical principle advanced by Defendants. Some evidence does exist that tends to show, unlike the situation in Schuster, plaintiff's Second Amended Complaint is an attempt either to circumvent the SLUSA or at forum manipulation. See generally Court's Order Granting Defendants' Request for Judicial Notice. But at the same time, the Sparta Surgical proposition runs contrary to other Ninth Circuit and Supreme Court rules, most notably those announced in Gaus and Caterpillar, above. The Sparta Surgical principle also clashes with the right of plaintiffs to amend with leave of the court under Rule 15(a) of the Federal Rules of Civil Procedure. The Court is reluctant to undermine the Federal Rules of Civil Procedure and other common law precedent by dismissing Plaintiffs' Second Amended Complaint for simply attempting to avoid federal subject matter jurisdiction.

Nevertheless, other grounds warrant dismissal. The Court finds that dismissal of the Second Amended Complaint is justified because it remains subject to the SLUSA like

Plaintiffs' earlier pleading and, consequently, is barred under the SLUSA. See 15 U.S.C. § 78bb(f)(1) (prohibiting covered class actions under state law, under the definitions set forth in the SLUSA). The most significant issue raised by Defendants' Motion to Dismiss is whether new facts or theories have been alleged in the Second Amended Complaint that take Plaintiffs' state-law claims out of the scope of the SLUSA in order to avoid dismissal with prejudice. The Court has already reviewed Plaintiffs' claims and found, pursuant to its May 7, 2004 Order, that they were preempted by the SLUSA. So unless Plaintiffs allege new theories or facts in the most recent pleading demonstrating that their claims are outside of the SLUSA's scope, the Court's prior Order will stand, and Plaintiffs' Second Amended Complaint should be dismissed with prejudice because completely barred by SLUSA. Fed.R.Civ.P. 41(b); Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975) (trial court has inherent power to dismiss in order to protect integrity of its orders) (citations omitted).

Under the SLUSA, a covered class action based upon state law may not be maintained in either state or federal court by any private party alleging either (1) misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security or (2) that the defendant used any manipulative or deceptive device or contrivance in connection with the purchase or sale of a security. 15 U.S.C. § 78bb(f)(1). The Court's May 7, 2004 Order characterized this requirement of the SLUSA as discrete elements of a four-prong test. A complaint is subject to SLUSA preemption if the suit is (1) a covered class action; (2) based on Arizona Statutory or Common Law; (3) alleging a misrepresentation or omission of a material fact or use of a manipulative device or contrivance; (4) in connection with the purchase or sale of a covered security. Although the Court granted Plaintiffs leave to amend, if the Second Amended Complaint is subject to SLUSA preemption like its predecessor, the Court has the authority to dismiss it as an action barred by SLUSA.

To resolve Defendants' pending Motion to Dismiss only, Plaintiffs concede that the first two prongs of the test are satisfied: that is, its complaint alleges only state law claims and

the suit is a "covered class action" under the SLUSA. Plaintiffs claim, however, that the Second Amended Complaint should survive the SLUSA because the third and fourth prongs above do not apply. The Court disagrees and finds that the Second Amended Complaint is completely barred by the SLUSA.

First, Plaintiffs correctly note that the securities at issue in this action must be "covered" under the definition of the SLUSA to be preempted. See 15 U.S.C. § 78bb(f)(5)(E). Plaintiffs argue that the notes and guaranties executed in conjunction with the various loan transactions at issue in this case are not "covered" securities under any form of the definition. The Court finds that these arguments are identical to those already dismissed by the Court in its May 7, 2004 Order denying Plaintiffs' Motion to Remand. Plaintiffs have merely rehashed old theories without presenting foundation for them in new facts pled in the Second Amended Complaint. These repeated arguments, lacking new factual support, include the following: certain notes at issue are not covered securities because not securities of an issuer listed on an exchange, pursuant to 15 U.S.C. § 77r(b)(1), and the notes at issue are not covered securities because they would be exempt under Regulation D, pursuant to 15 U.S.C. § 77a, *et seq.* Cf. Ct. Order of May 7, 2004 at 9-10.

The only new theory advanced by Plaintiffs in this "covered security" line of arguments is that the notes and guaranties at issue are not covered securities if not in existence at the time of the alleged misrepresentation. Under 15 U.S.C. § 78bb(f)(5)(E), the term "'covered security' means a security that satisfies the standards for a covered security . . . at the time during which it is alleged that misrepresentation, omission, or manipulative or deceptive conduct occurred." Plaintiffs take this language to impose a "contemporaneity requirement" on securities covered by SLUSA's purview. They believe this phrase entails that if a fraudulent misrepresentation was made to induce purchase of a note, before the note was issued, for example, this misrepresentation cannot be a basis for SLUSA preemption and the note is thus not a covered security. The Court, however, does not read this provision of the statute so narrowly, nor does it find the requirement of "contemporaneity" or even priority

of security before misrepresentation. This argument does not impose a bar to SLUSA applicability and is rejected along with Plaintiffs' other "covered security" arguments.

Second, Plaintiffs claim that the SLUSA does not bar their lawsuit from proceeding because the alleged misrepresentations by the Defendants are not "in connection with" the purchase or sale of a covered security. See 15 U.S.C. § 78bb(f)(1). Plaintiffs allege that four of the twelve transactions involved in this proceeding represent transactions that took place before the first public report containing false information. Consequently, they argue, the false public statements could not be a factor inducing the affected plaintiff lenders to enter into these transactions.

The Ninth Circuit has interpreted this "in connection with" requirement under the SLUSA to be consistent with the "in connection with" requirement of Rule 10b-5. Falkowski v. Imation Corp., 309 F.3d 1123, 1129 (9th Cir. 2002). "Section 10(b) must be read flexibly, not technically and restrictively." Superintendent of Ins. v. Bankers Life and Casualty Co., 404 U.S. 6, 11-12 (1971). In the context of Section 10(b), the Supreme Court has explained the "in connection with" requirement as follows: "a fraudulent scheme in which the securities transactions and the breaches of fiduciary duty coincide." SEC v. Zandford, 535 U.S. 813, 825 (2002). The Ninth Circuit's standard accords with this interpretation: "The fraud in question must relate to the nature of the securities, the risks associated with their purchase or sale, or some other factor with similar connection to the securities themselves. While the fraud in question need not relate to the investment value of the securities themselves, it must have more than some tangential relation to the securities transaction." Ambassador Hotel Co. v. Wei-Chuan Inv., 189 F.3d 1017, 1026 (9th Cir. 1999). Furthermore, a federal district court must consider whether the plaintiff has shown some causal connection between the fraud and the securities transaction in question. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1486 n.7 (9th Cir. 1991) (describing the test for "in connection with" as the three lines of a triangle connecting (1) a defendant's material misrepresentation or omission, (2) a plaintiff's injury, and (3) a security).

In <u>Falkowski</u>, the Ninth Circuit found that allegations of both an impending accounting write-off and concealment of a plan to force early exercise of options coincided with and had "more than some tangential relation" to the securities transaction, thus satisfying the "in connection with" requirement, because they involved a misrepresentation of the value of the options and related to the time period during which the employees could exercise their option rights to purchase stock, respectively. <u>Falkowski</u>, 309 F.3d at 1131; see also <u>Ambassador Hotel</u>, 189 F.3d at 1026 (finding that a joint venturer's alleged fraud against a co-venturer occurred "in connection with" the purchase or sale of securities, despite defendants' claim that the solicitation concerned the joint venture agreement which did not mention stock, because the misrepresentations concerned the value of the venture's chief asset). However, the Ninth Circuit found no connection between the purchase or sale of a security and an accounting firm's advice on how the plaintiff company could identify certain transactions in its financial statements. <u>In re Fin. Corp. of Am. S'holder Litig.</u>, 796 F.2d 1126, 1130 (9th Cir. 1986).

In the instant action, Plaintiffs allege that four of the twelve transactions involved in this proceeding represent transactions that took place before the first public report containing false information. Defendants counter that the "in connection with" requirement is satisfied because the Second Amended Complaint alleges, among other things, that the loans expired and their terms were extended, renewed, or modified following and in reliance upon the alleged misstatements.

A review of the Second Amended Complaint persuades the Court that Defendants' position is the correct one. Like the defendants of <u>Ambassador Hotel</u>, Plaintiffs in this case argue that the origination of the transactions preceded the alleged fraudulent misstatements and were unrelated, severed incidents as a result. However, the purported fraud in question involved in four of the twelve transactions relates to the nature and value of the notes and guaranties, as well as the risks associated with their purchase. <u>Ambassador Hotel</u>, 189 F.3d at 1026. To take the "Taylor Ranch" transaction as an example, Plaintiffs state that they

"reasonably and justifiably relied upon the material misrepresentations and omissions made by the Defendnants." Second Am. Compl. ¶ 164. This allegation seems at odds with its argument now that the transactions enumerated in the Second Amended Complaint were not "in connection with" the alleged fraud. Moreover, the maturity date of the secured loans for the Taylor Ranch transaction, for instance, was extended twice after Saxton was unable to obtain zoning changes for the Taylor Ranch property. Second Am. Compl. ¶ 145. This suggests a situation comparable to Ambassador Hotel and that the alleged misstatement or omission was closely related to an intrinsic characteristic of the note securities–namely, the maturity date–so that the misrepresentations coincided with the securities transactions. The four transactions alleged by Plaintiff to have taken place before the first public report containing false information were nevertheless "in connection with" the purchase or sale of a security for purposes of Section 10(b) and the SLUSA.

Third, and finally, Plaintiffs attempt to reargue the Court's Order finding that the notes and guaranties at issue are securities. The Court has already considered and rejected these arguments. See Ct. Order of May 7, 2004 at 9. Plaintiffs have not persuaded the Court of their validity the second time around.

The Court concludes that the Second Amended Complaint is (1) a covered class action; (2) based on Arizona Statutory or Common Law; (3) alleging a misrepresentation or omission of a material fact or use of a manipulative device or contrivance; (4) in connection with the purchase or sale of a covered security. Consequently, the pleading is barred by the SLUSA, pursuant to 15 U.S.C. § 78bb(f)(1).

Separately, the Court notes that the SLUSA provides certain exceptions to its harsh application. The most pertinent for Plaintiffs' case involves an exemption known as the "Delaware carve-out." 15 U.S.C. § 78bb(f)(3)(A). This exception authorizes lawsuits that would otherwise be barred by the SLUSA so long as the action is based on the statutory or common law of the state where the corporation is incorporated. Id. Plaintiffs are not entitled to this "carve-out" since they have not based their action on Nevada state law, where Saxton

is incorporated, but, rather, initially brought this suit in Maricopa County Superior Court presumably under Arizona law.

Because Plaintiffs have failed to state a claim that survives the pleading requirements of the SLUSA, dismissal of the Second Amended Complaint with prejudice is warranted, especially since the Court has already granted Plaintiffs leave to amend their pleading once. "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). Furthermore, a district court is not required to grant leave to amend when amendment would be futile, Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998), or when the amended complaint would also be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). This Court has considered the allegations of the Second Amended Complaint and finds no facts which Plaintiffs could prove in support of their pleading that would entitle them to relief. The Court has already granted Plaintiffs leave to amend and now dismisses this case with prejudice, given that revision of the Second Amended Complaint would be futile.

## CONCLUSION

The Court concludes that the Second Amended Complaint is (1) a covered class action; (2) based on Arizona Statutory or Common Law; (3) alleging a misrepresentation or omission of a material fact or use of a manipulative device or contrivance; (4) in connection with the purchase or sale of a covered security. Consequently, the pleading is barred by the SLUSA, pursuant to 15 U.S.C. § 78bb(f)(1), and must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Because Plaintiffs have failed to state a claim that survives the pleading requirements of the SLUSA, dismissal of the Second Amended Complaint with prejudice is warranted, especially since the Court has already granted Plaintiffs leave to amend their pleading once. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Second Amended Complaint [Doc. No. 73] is GRANTED.

**IT IS FURTHER ORDERED** that this action is DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that the Motion of George C. Lazar to withdraw as counsel for certain Plaintiffs [Doc. No. 94] is DENIED as moot.

DATED this __16__ day of November, 2004.

Stephen M. McNamee
Chief United States District Judge